IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01443-RM-BNB

SKYWEST AIRLINES, INC.,

Plaintiff,

v.

MATTHEW GRAY,

Defendant.

---

**FIRST AMENDED COMPLAINT**

---

Plaintiff, SkyWest Airlines, Inc. ("SkyWest" or "Plaintiff"), by and through its attorneys, Sherman & Howard L.L.C., for its Complaint states and alleges as follows:

**PARTIES AND VENUE**

1. Plaintiff is a Utah corporation with its principal place of business in St. George, Utah.

2. Upon information and belief, Defendant Matthew Gray ("Gray") is a resident of Jefferson County, Colorado and resides, at 29731 Camelback Lane, Evergreen, Colorado 80439.

3. Upon information and belief, venue is proper in this Court because, Defendant is a resident of Jefferson County.

**GENERAL ALLEGATIONS**

4. SkyWest is a business partner and Star Alliance member of United Airlines ("United"). SkyWest operates regional airline routes for United.

5. Under SkyWest's Travel Benefit Policy, some of Plaintiff's full-time employees may fly for free or receive a 20% discount on airfares when they travel. They may also add an "Enrolled Friend" to give that individual the same flight benefits. However, employees may not add additional legs or "segments" to their flights, or upgrade their itineraries to Business Class or First Class, without paying a fee for those changes.

**EXHIBIT A**

6. Employees of SkyWest are not permitted to use their individual employee log-in information ("Sine") to change their flight itineraries or the flight itineraries of their friends or families.

7. SkyWest and United have an Information Security Policy, which prohibits an employee from using another employee's log-in credentials.

8. SkyWest's full-time employees receive copies of the Travel Benefit and Information Security Policies.

9. Gray worked as a Gate Agent for Plaintiff at Denver International Airport.

10. On July 17, 2013, Gray was interviewed by an investigator for United concerning his travel. During his interview, Gray admitted that an online acquaintance allegedly told him that airline employees could add segments to their travel itineraries, so long as the origin and destination points remained unchanged. Thus, Gray claimed that he could add multiple segments to a flight itinerary without any extra cost, provided he maintained the original itinerary's take-off and destination points.

11. Gray told the United investigator that he consulted SkyWest's policies regarding additional segments but found them "unclear." He never discussed or verified his understanding of the policies with his supervisor or other SkyWest management personnel.

12. Over an eight-month period from December 2012 through July 2013, Gray regularly booked short flights using his employee discount. He then manipulated the flight itineraries, adding segments to the original travel plans and upgrading reservations to Business or First Class. The additional segments were not within the legal routing permitted by airfare rules, and resulted in charges, which SkyWest ultimately had to pay to United Airlines.

13. Gray manipulated his own travel itineraries and those of two friends, Brian Reidy ("Reidy") and Zachary Chase ("Chase"). Gray identified Reidy as a friend and Chase as an Enrolled Friend, with who Gray was in a relationship.

14. Gray admitted that Gate Agents could not use their own Sines to upgrade or otherwise alter their flight reservations. Instead of using his own Sine to change travel itineraries, Gray obtained the Sines of several co-workers: Dana Sturgeon, Leslie Green, and Cristen Herider. He used these co-workers' Sines to make itinerary changes.

15. The additional segments on Gray's altered itineraries resulted in longer mileage for each trip. This enabled Gray to accumulate more frequent flyer miles than he otherwise would have earned, which was his intent in manipulating the itineraries.

16. On one occasion, Gray and Chase purchased a round-trip Economy Class ticket from Denver, Colorado to Grand Junction, Colorado for $129. Gray upgraded the tickets to First

Class and without authorization changed the route, resulting in a trip with seven different flight segments. Thus, Gray and Chase flew from Denver to Honolulu, Honolulu to Houston, Houston to Denver, Denver to Seattle, Seattle to Anchorage, Anchorage to San Francisco, and San Francisco to Denver. Neither Gray nor Chase paid any additional amounts for these added flight segments than the initial $129 fare for the round-trip Economy Class ticket to Grand Junction. This trip cost several thousands of dollars in lost revenue to United. United charged SkyWest for the cost of this unauthorized trip.

17. From these altered and improper itineraries, Gray also earned numerous frequent flyer miles and achieved United's MileagePlus Premier 1K status. He redeemed his frequent flyer miles to book additional flights, and he manipulated the itineraries for those travel plans, as well. Gray's unauthorized changes to his and his companions flight itineraries allowed him to achieve this premier status under fraudulent an improper circumstances.

18. In total, Gray's unauthorized and improper alterations consisted of 69 flight reservations and added 113 additional segments to personal travel itineraries.

19. As a result of Gray's unauthorized and improper alterations of flight itineraries, Gray and his friends Reidy and Chase flew 217 segments, valued at $311,292, but they paid only $5,121 for 104 of those segments. Gray usually upgraded these reservations to Business or First Class. When these flights were upgraded to Business or First Class, the increased charges were ultimately paid by SkyWest to United.

20. Gray's actions resulted in a $306,000 loss of revenue to United, which United charged to SkyWest.

21. Gray's actions cost SkyWest approximately $306,000.

## FIRST CLAIM FOR RELIEF

## (Conversion)

22. SkyWest restates and incorporates by reference the allegations contained in paragraphs 1-21 above.

23. By adding segments to flight itineraries and upgrading his flights to Business and First Class without SkyWest's authorization and in violation of Plaintiff's policies, Gray knowingly exercised control of SkyWest's property with the intent to permanently deprive Plaintiff of the use and benefit of its property.

24. Gray acted knowingly, willfully, and with wanton disregard for SkyWest's rights.

25. SkyWest is entitled to recover the value of the converted property plus interest from the time of conversion to the time of trial

26. SkyWest is also entitled to exemplary damages because Gray's conduct was willful and with wanton disregard for Plaintiff's rights.

**SECOND CLAIM FOR RELIEF**

**(Civil Theft, Colo. Rev. Stat. § 18-4-405)**

27. SkyWest restates and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. By adding segments to flight itineraries and upgrading flights to Business and First Class without Plaintiff's authorization and in violation of Plaintiff's policies, Gray knowingly exercised control of SkyWest's property with the intent to permanently deprive Plaintiff of the use and benefit of its property.

29. Gray acted knowingly, willfully, and with wanton disregard for SkyWest's rights.

30. SkyWest has suffered damages as a result of Gray's theft, for which he is liable.

31. Pursuant to Colo. Rev. Stat. § 18-4-405, SkyWest may recover treble damages, costs, and reasonable attorney fees from Gray.

**THIRD CLAIM FOR RELIEF**

**(Unjust Enrichment)**

32. SkyWest restates and incorporates by reference the allegations contained in paragraphs 1 through 31 above.

33. Gray added segments to his and his friends' travel plans and upgraded these flight reservations to Business or First Class.

34. Gray did not pay for the additional segments or upgrades, in violation of SkyWest's policies and without Plaintiff's authorization.

35. By failing to pay for additional segments and upgrades, Gray received benefits at Plaintiff's expense.

36. The circumstances make it unjust for Gray to retain the benefit of booking additional segments and upgrades at no cost to himself.

37. SkyWest is entitled to restitution from Gray in the amount of the enrichment Gray received.

## FOURTH CLAIM FOR RELIEF

### (Breach of Duty of Loyalty)

38. SkyWest restates and incorporates by reference the allegations contained in paragraphs 1 through 37 above.

39. While employed with SkyWest, Gray owed a duty of loyalty to act solely for the benefit of Plaintiff in all matters connected with his employment.

40. Gray breached his duty of loyalty to SkyWest by manipulating personal flight itineraries to add segments and upgrades without paying the corresponding fares, in violation of SkyWest's policies and without Plaintiff's authorization.

41. Gray's breach of his duty of loyalty caused SkyWest damages, for which Gray is liable. Damages include, but are not limited to, noneconomic losses and injuries incurred or that will probably be incurred in the future, economic losses incurred or that will probably be incurred in the future, loss of assets caused by Gray's breach, and lost profits that SkyWest reasonably expected to earn had Gray's duty of loyalty not been breached.

42. Gray is required to disgorge all compensation he received from SkyWest for his services as an employee during the period of his breach, and all such compensation must be returned to Plaintiff.

## FIFTH CLAIM FOR RELIEF

### (Civil Conspiracy)

43. SkyWest restates and incorporates by reference the allegations contained in paragraphs 1 through 42 above.

44. Gray conspired with his co-workers for the purpose of obtaining their Sines and manipulating his travel itineraries to add segments or upgrades without paying for them, in violation of SkyWest's policies and without Plaintiff's authorization.

45. Gray obtained his co-workers' Sines and manipulated his travel itineraries by engaging in the unlawful overt acts described above.

46. Gray acted willfully and with wanton disregard for SkyWest's rights.

47. SkyWest has suffered damages due to Gray's conduct, and Plaintiff is entitled to recover from Gray its actual damages and exemplary damages.

## SIXTH CLAIM FOR RELIEF

### (False Representation)

48. SkyWest restates and incorporates by reference the allegations contained in paragraphs 1 through 47 above.

49. By using the Sines of his co-workers to access and manipulate his travel itineraries, Gray made a false representation of his identity.

50. Gray's identity is material.

51. When Gray used the Sines of his co-workers to access and manipulate his travel itineraries, he knew that the representation of his identity was false.

52. Gray misrepresented his identity with the intent that SkyWest would rely on the misrepresentation, which would enable him to book additional flight segments and upgrades without paying the corresponding fees.

53. SkyWest justifiably relied on Gray's identity misrepresentation because a SkyWest employee is not permitted to use a co-worker's Sine.

54. SkyWest's reliance on the misrepresentation of Gray's identity caused SkyWest over $300,000 in damages.

## SEVENTH CLAIM FOR RELIEF

### (Computer Fraud, 18 U.S.C. § 1030)

55. SkyWest restates and incorporates by reference the allegations contained in paragraphs 1 through 54 above.

56. Gray knowingly accessed a protected computer without authorization by using his co-workers' Sines to log in to SkyWest's computer system and manipulate his travel itineraries.

57. Gray accessed the protected computer with the intent to defraud SkyWest by paying low fares for a short flight and proceeding to add multiple segments and upgrades to his itineraries without paying the corresponding fares. The use of his co-workers' Sines permitted him to make these unauthorized flight alterations continuously over an eight-month period.

58. By using his co-workers' Sines to obtain unauthorized access to the ticketing and reservation computer system, to improperly alter his and his companions flight itineraries, Gray obtained 113 additional segments to his flight itineraries, valued at over $300,000.

59. Within an eight-month period, Gray's unauthorized use of a protected computer resulted in a cost of over $300,000 to SkyWest.

## EIGHTH CLAIM FOR RELIEF

**(Computer Fraud, Colo. Rev. Stat. § 18-5.5-102)**

60. SkyWest restates and incorporates by reference the allegations contained in paragraphs 1 through 59 above.

61. Gray knowingly accessed a computer, computer network, or computer system without authorization when he used his co-workers' Sines to access and change his flight itineraries.

62. By using his co-workers' Sines, Gray accessed a computer, computer network, or computer system for the purpose of manipulating his travel itineraries to add flight segments and upgrades without paying a corresponding fare for those changes. In this manner, he obtained over $300,000 in flights and upgrades without paying additional fees.

WHEREFORE, SkyWest prays for the following relief:

(a) Judgment in favor of Plaintiff and against Gray on each of the claims for relief listed above, with damages awarded in an amount to be determined at trial, plus interest, costs, and attorneys' fees;

(b) An award of exemplary and punitive damages;

(c) An award of pre-judgment and post-judgment interest;

(d) Such other and further relief as this Court deems just and proper.

DATED this 30th day of June, 2014.

*s/ Vance O. Knapp*
Vance O. Knapp
Tanya Sevy
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
E-mail: vknapp@shermanhoward.com
E-mail: tsevy@shermanhoward.com

Attorneys for Plaintiff, SkyWest Airlines, Inc.

Plaintiff's Address:

444 South River Road
St. George, Utah 84790

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2014, I electronically filed the foregoing **FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Sean P. Paris, Esq.
Pearson & Paris, P.C.
390 Union Boulevard, Suite 250
Lakewood, CO 80228
sparis@rockymoutain-law.com

s/ *Clarine Kuntz*