IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2014-cv-1443-RM-BNB

SKYWEST AIRLINES, INC.

Plaintiff,

v.

MATTHEW GRAY

Defendant.

---

**ANSWER TO THE FIRST AMENDED COMPLAINT WITH JURY DEMAND**

---

The defendant, Matthew Gray, by and through his attorney, Sean P. Paris, hereby submits this Answer to the First Amended Complaint with Jury Demand pursuant to FED. R. CIV. P. 12(a)(4) and the Court's Order dated January 20, 2015 [Doc. # 30] and now states as follows:

1. Mr. Gray lacks knowledge or information sufficient to form a belief about the truth of allegations contained in paragraph 1 of the First Amended Complaint.

2. Mr. Gray admits the allegations contained in paragraph 2 of the First Amended Complaint.

3. Mr. Gray admits the allegations contained in paragraph 3 of the First Amended Complaint.

4. Mr. Gray lacks knowledge or information sufficient to form a belief about the truth of allegations contained in paragraph 4 of the First Amended Complaint.

5. Mr. Gray admits that Under SkyWest's Travel Benefit Policy, some of Plaintiff's full-time and part-time employees may fly for free or receive a 20% discount on airfares when they travel, and that they may also add an "Enrolled Friend" to give that individual the same flight benefits. However, Mr. Gray denies that employees may not add additional legs or "segments" to their flights, or upgrade their itineraries to Business Class or First Class, without paying a fee for those changes.

6. Mr. Gray denies the allegations contained in paragraph 6 of the First Amended Complaint.

7. Mr. Gray denies the allegations contained in paragraph 7 of the First Amended Complaint.

8. Mr. Gray lacks knowledge or information sufficient to form a belief about the truth of allegations contained in paragraph 8 of the First Amended Complaint.

9. Mr. Gray admits the allegations contained in paragraph 9 of the First Amended Complaint.

10. Mr. Gray admits the allegations contained in paragraph 10 of the First Amended Complaint.

11. Mr. Gray denies the allegations contained in paragraph 11 of the First Amended Complaint.

12. Mr. Gray admits that, over an eight-month period from December 2012 through July 2013, he regularly booked short flights using his employee discount and that then lawfully manipulated the flight itineraries, adding segments to the original travel plans and upgrading reservations to Business or First Class. However, Mr. Gray denies that additional segments were not within the legal routing permitted by airfare rules. Further, Mr. Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations that those additional segments resulted in charges, which SkyWest ultimately had to pay to United Airlines.

13. Mr. Gray admits the allegations contained in paragraph 13 of the First Amended Complaint.

14. Mr. Gray denies that gate agents could not use their own Sines to upgrade or otherwise alter their flight reservations. Mr. Gray admits that he used the Sines of several co-workers, to include Dana Sturgeon, Leslie Green, and Cristen Herider to make itinerary changes.

15. Mr. Gray denies the allegations contained in paragraph 15 of the First Amended Complaint.

16. Mr. Grays admits that on one occasion, he and Chase purchased a round-trip Economy Class ticket from Denver, Colorado to Grand Junction, Colorado for $129; that he upgraded the tickets to First Class and with

authorization changed the route, resulting in a trip with seven different flight segments; that he and Chase flew from Denver to Honolulu, Honolulu to Houston, Houston to Denver, Denver to Seattle, Seattle to Anchorage, Anchorage to San Francisco, and San Francisco to Denver; and that neither he nor Chase paid any additional amounts for these added flight segments than the initial $129 fare for the round-trip Economy Class ticket to Grand Junction. Mr. Gray lacks knowledge or information sufficient to form a belief about the truth regarding the remaining allegations in paragraph 16 of the First Amended Complaint.

17. Mr. Gray denies, as alleged in paragraph 17 of the First Amended Complaint, that he created “altered and improper” itineraries. Mr. Gray admits that he earned numerous frequent flyer miles and achieved United's MileagePlus Premier 1K status; that he redeemed his frequent flyer miles to book additional flights, and that he manipulated the itineraries for those travel plans, but that he did not do so under fraudulent and improper circumstances.

18. Mr. Gray denies that he engaged in unauthorized and improper alterations to his personal travel itineraries as alleged in paragraph 18 of the First Amended Complaint.

19. Mr. Gray lacks knowledge or information sufficient to form a belief about the truth of allegations contained in paragraph 19 of the First Amended Complaint.

20. Mr. Gray lacks knowledge or information sufficient to form a belief about the truth of allegations contained in paragraph 20 of the First Amended Complaint.

21. Mr. Gray lacks knowledge or information sufficient to form a belief about the truth of allegations contained in paragraph 21 of the First Amended Complaint.

22. Mr. Gray enters a general denial regarding the first claim for relief, and specifically denies paragraphs 22-26 of the First Amended Complaint.

23. Mr. Gray enters a general denial regarding the Second claim for relief, and specifically denies paragraphs 27-31 of the First Amended Complaint.

24. Mr. Gray enters a general denial regarding the third claim for relief, and specifically denies paragraphs 32, and 34-37 of the First Amended Complaint. Mr. Gray admits paragraph 33 of the First Amended Complaint.

25. Mr. Gray enters a general denial regarding the fourth claim for relief, and specifically denies paragraphs 38-42 of the First Amended Complaint. Furthermore, this fourth claim fails to state a claim upon which relief may be granted.

26. Mr. Gray enters a general denial regarding the fifth claim for relief, and specifically denies paragraphs 43-47 of the First Amended Complaint.

27. Mr. Gray enters a general denial regarding the sixth claim for relief, and specifically denies paragraphs 48-54 of the First Amended Complaint.

28. Mr. Gray enters a general denial regarding the seventh claim for relief, and specifically denies paragraphs 55-59 of the First Amended Complaint.

29. Mr. Gray is not required to respond to the eighth claim for relief because it was withdrawn by the plaintiff. Notwithstanding the foregoing, Mr. Gray denies the allegations in paragraphs 60-62 of the First Amended Complaint because COLO. REV. STAT. § 18-2.2-102 does not provide a private cause of action.

**AFFIRMATIVE DEFENSES**

1. The Plaintiff has failed to mitigate its damages as required by law.

2. The Plaintiff's claims are barred, in whole or in part, by express terms, conditions, limitations and disclaimers.

3. The Plaintiff's claims are barred, in whole or in part, by his comparative fault and assumption of known risks.

4. The Plaintiff's alleged injuries and/or damages may be the direct result of acts, omissions and/or fault of third-parties over whom the Defendant had no control and no right of control.

5. The Plaintiff's injuries and/or damages, if any, may be the result of intervening and superseding causes.

6. The Plaintiff's claims may be barred, in whole or in part by the doctrine of waiver, estoppel, laches, unclean hands, and acquiescence.

7. The Plaintiff's claims may be barred or limited by the collateral source rule.

8. The Plaintiff's claims are the result of unforeseen circumstances which could not have been reasonably anticipated by the Defendant and, therefore, are not legally responsible for Plaintiff's claims.

9. The Defendant is not liable because of a mistake of fact.

10. The Defendant is not liable because he acted with the consent, express and implied of the Plaintiff

**JURY DEMAND**

The Defendant hereby demands a jury on all of the issues so triable.

Dated this 3d day of February, 2015.

Respectfully submitted,

**PEARSON & PARIS, P.C.**

*/s/ Sean P. Paris*
Sean P. Paris
390 Union Boulevard, Suite 250
Lakewood, Colorado 80228
Main: 303-996-8610
Fax: 303-996-8611
E-mail: sparis@rockymountain-law.com

Attorney for Defendant
Matthew Gray

## CERTIFICATE OF SERVICE

I hereby certify that on this 3d day of February, 2015, I caused a true and correct copy of the foregoing **ANSWER TO THE FIRST AMENDED COMPLAINT WITH JURY DEMAND** to the person listed below via the court's CM/ECF system pursuant to D.C.COLO.LCivR 5.1(d) to:

Vance Knapp
Sherman & Howard, LLC
633 17th Street, Suite 3000
Denver, Colorado 80202

and via hand deliver to:

Matthew Gray, defendant

/s/ Rebecca G. Hutcheson
Rebecca G. Hutcheson